IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS OLIVARES, an individual, on behalf of himself and all persons similarly situated, | ) ) ) ) Case No. 16 C 6062 |
| Plaintiff, | ) ) |
| v. | ) Judge Jorge L. Alonso |
| UBER TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Luis Olivares, filed a five-count amended complaint against Uber Technologies, Inc. for violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count I), Illinois Minimum Wage Law ("IMWL") (Count II), and Fair Labor Standards Act ("FLSA") (Counts III-V). Plaintiff brings the IWPCA and IMWL claims pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and an Illinois class, defined as all individuals who are or previously employed by Uber in Illinois and who were classified as independent contractors at any time during the five-year period prior to the filing of the complaint. Plaintiff brings the FLSA claims on behalf of himself and a collective class, defined as all individuals who worked for Uber nationwide, except in California and Massachusetts, and who were classified as independent contractors at any time during the three-year period prior to the filing of the complaint. Before the Court is defendant's motion to compel arbitration and dismiss the case [13] pursuant to the Federal Arbitration Act ("FAA"). For the reasons set forth below, the motion is granted in part and denied in part.

**BACKGROUND**

Uber is a corporation that provides a smartphone application ("app") that enables users to arrange and schedule transportation services with third-party providers. (Am. Compl. ¶ 2.) Plaintiff has been an Uber driver since May 2015, and Uber calls him an independent contractor. (*Id.* ¶ 3.) Plaintiff contends that he and all other drivers are not independent contractors and should be classified as non-exempt hourly employees. (*Id.* ¶¶ 13, 15.) Plaintiff asserts that defendant violated both federal and state laws by not providing drivers with salaries that meet minimum wage requirements or overtime pay. (*Id.* ¶¶ 22, 29.)

Plaintiff voluntarily entered into a valid and enforceable arbitration agreement with Rasier, LLC,[1] Uber's wholly-owned subsidiary. (Def.'s Mem. at 1.) At the time plaintiff signed up to use the Uber app to generate leads for potential riders, the applicable agreement was the November 10, 2014 Rasier Software License & Online Services Agreement ("November 2014 Agreement"). (*Id*. at 3.) In December 2015, Uber introduced a revised agreement ("December 2015 Agreement"). (*Id*. at 4.) The December 2015 Agreement introduced the following Arbitration Provision, delegation provision, and opt-out provision:

> **Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, with the exception of proceedings that must be exhausted under applicable law before pursuing a claim in a court of law or in any forum other than arbitration. Except as it otherwise provides, this Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action.**
>
> Except as provided in Section 15.3(v), below, regarding the Class Action Waiver, such disputes include without limitation disputes arising out of or relating to

---

[1] Uber developed software products, including uberX. (Def.'s Mem. at 2.) Rasier provides "lead generation" services to drivers through the uberX product. (*Id.* at 2-3.) Any driver who wishes to use that product to generate leads for riders must first enter into an agreement with Rasier. (*Id.* at 3.)

> interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision. All such matters shall be decided by an Arbitrator and not by a court or judge. However, as set forth below, the preceding sentences shall not apply to disputes relating to the interpretation or application of the Class Action Waiver or PAGA Waiver below, including their enforceability, revocability or validity. . . . [T]his Arbitration Provision also applies, without limitation, to all disputes between You and the Company . . . including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship.

(Def.'s Mem. Ex. E § 15.3(i).)

> **Arbitration is not a mandatory condition of your contractual relationship with the Company. If you do not want to be subject to this Arbitration Provision, you may opt out of this Arbitration Provision by notifying the Company in writing of your desire to opt out of this Arbitration Provision, either by (1) sending, within 30 days of the date this Agreement is executed by you, electronic mail to optout@uber.com, stating your name and intent to opt out of the Arbitration Provision or (2) by sending a letter by U.S. Mail, or by any nationally recognized delivery service (e.g., UPS, Federal Express, etc.), or by hand delivery to: [Rasier's legal department] . . . Should you not opt out of this Arbitration Provision within the 30-day period, you and the Company shall be bound by the terms of this Arbitration Provision.**

(*Id.* at § 15.3(viii).)

Finally, the December 2015 Agreement included the following class action waiver:

> **You and the Company agree to resolve any dispute that is in arbitration on an individual basis only, and not on a class, collective action, or representative basis ("Class Action Waiver"). The Arbitrator shall have no authority to consider or resolve any claim or issue any relief on any basis other than an individual basis.** . . . [D]isputes regarding the enforceability, revocability or validity of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator.

(*Id*. § 15.3(v).)

Plaintiff voluntarily entered into the November 2014 and December 2015 Agreements and did not opt out of the Arbitration Provision. (Def.'s Mem. at 4, 6, 8.)

3

**STANDARD**

Motions to compel arbitration concern venue and are properly addressed under Federal Rule of Civil Procedure 12(b)(3). *Grasty v. Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (citing *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014)); *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) (an arbitration clause is "simply a type of forum-selection clause," and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)). The Court may consider materials outside the pleadings when evaluating such a motion. *Johnson*, 556 F. App'x at 544-45.

The FAA governs the enforceability of arbitration clauses in state and federal courts. *Jain v. de Méré*, 51 F.3d 686, 688 (7th Cir. 1995). Under the FAA, an arbitration agreement in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court must grant a motion to compel arbitration under the FAA where the parties have a written arbitration agreement and the asserted claims are within its scope. 9 U.S.C. §§ 3-4; *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). In deciding a motion to compel arbitration, the court's duty is simply to determine whether the parties' dispute belongs in arbitration, not to rule on the potential merits of the underlying claim. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The party opposing arbitration bears the burden of establishing why the arbitration provision should not be enforced, *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000), and "must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract," *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir.

2002). "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.*

## DISCUSSION

Defendant asks the Court to compel arbitration and dismiss the complaint because there is a valid, enforceable arbitration agreement and the National Labor Relations Act ("NLRA") does not apply since plaintiff is an independent contractor, not an employee. (Def.'s Mem. at 8-15.) Plaintiff first asserts that the arbitration provision is unenforceable because the class action waiver it contains violates Section 7 of the NLRA. (Pl.'s Resp. at 4.) To support this argument, plaintiff relies on *Lewis v. Epic Systems*, 823 F.3d 1147 (7th Cir. 2016), in which the Seventh Circuit held that a class action waiver was unenforceable because it abridged employees' rights to engage in concerted activity. (*Id*. at 4-6.) Plaintiff next challenges defendant's classification of him as an independent contractor and argues that the Court must decide this "threshold question" (whether plaintiff is an employee or independent contractor) before it can rule on defendant's motion. (*Id*. at 6-8.) Defendant counters that *Lewis* is distinguishable because the arbitration provision at issue here is voluntary and not mandatory as it was in *Lewis*. (Def.'s Reply at 1, 5-10.) Further, defendant argues that whether plaintiff is properly classified as an employee or an independent contractor is for the arbitrator, not the Court, to decide. (*Id*. at 10-13).

**Delegation Clause**

"A delegation clause is an agreement to arbitrate gateway questions such as 'whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" *Lee v. Uber Techs., 208 F. Supp. 3d 886, 891 (N.D. Ill. 2016) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69 (2010)). A delegation clause can only be enforced if there is clear and

unmistakable evidence that the parties have agreed to arbitrate threshold issues. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Uber's delegation clause is clear and unmistakable evidence that when plaintiff accepted the December 2015 Agreement, he agreed to arbitrate threshold issues. *See Lee,* 208 F. Supp. at 892 (granting defendant's motion to compel arbitration of the threshold question of whether Uber's Arbitration Provision was unconscionable). As outlined above, the operative delegation clause provides that the Arbitration Provision applies to all disputes between plaintiff and defendant, including any disputes arising out of or related to plaintiff's relationship with Uber. Pursuant to that arbitration agreement, of which plaintiff did not opt out, the Court finds that the arbitrator is responsible for determining the threshold issue of whether plaintiff's relationship with Uber is that of employee or independent contractor.[2] *See Lamour v. Uber Techs., Inc.,* Case No. 1:16-CIV-21449-Martinez/Goodman, 2017 WL 878712, at *12-13 (S.D. Fla. Mar. 1, 2017) (compelling plaintiff "to arbitrate (and sustain) his claim of employment status **before** he can claim . . . that the NLRA invalidates the class and collective action waiver he voluntarily accepted[]"); *Singh v. Uber Techs. Inc.,* Civ. Action No. 16-3044 (FLW), 2017 WL 396545, at *7 n.7 (D.N.J. Jan. 30, 2017) (granting defendant's motion to compel arbitration and reserving for the arbitrator the issue of whether plaintiff was an employee or independent contractor); *Richemond v. Uber Techs.,* Case No. 16-cv-23267, 2017 WL 416123, at *4 (S.D. Fla. Jan. 27, 2017) (granting defendant's motion to compel arbitration and holding that the December 2015 Agreement dictated that the arbitrator was responsible for determining the threshold issue of whether plaintiff was an employee or an independent contractor).

---

[2] The December 2015 Agreement indicates that "the relationship between the parties . . . is solely that of independent contracting parties." (Def.'s Mem. Ex. E § 13.1.) Plaintiff's complaint also alleges that Uber treated him as an independent contractor. (Am. Compl. ¶ 3.)

**Class-Action Waiver**

The NLRA applies to employees, not independent contractors. *See* 29 U.S.C. § 152(3). Accordingly, it is essential to first resolve whether plaintiff is an independent contractor, as the December 2015 Agreement seems to indicate, or an employee. Because the Court has held that question is for the arbitrator, it declines to weigh in at this stage whether the class action waiver violates the NLRA. *See Moon v. Breathless, Inc.,* Civil Action No. 15-06297 (SDW) (LDW), 2016 WL 4072331, at *6 n.4 (D.N.J. July 29, 2016) (declining to reach the question of whether class-action waivers in arbitration agreements violate the NLRA because the underlying question of whether plaintiff was an employee was to be determined by the arbitrator).

## CONCLUSION

For the reasons set forth above, defendant's motion [13] is granted in part and denied in part. The motion to compel arbitration is granted. Because the Seventh Circuit instructs that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright," *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008), the motion to dismiss is denied. This case is stayed pending arbitration. Plaintiff is directed to notify the Court within fourteen days of the conclusion of the arbitration proceedings.

SO ORDERED. ENTERED: July 14, 2017

_____
**JORGE L. ALONSO
United States District Judge**